Elizabeth J. MULLIGAN

v.

Preston C. PORTER, Jr.

No. 98–159–A.

Supreme Court of Rhode Island.

Jan. 11, 1999.

Arthur M. Read, III, North Scituate.

Joseph DeAngelis, Providence.

### ORDER

This case was assigned to the full court at a session in conference pursuant to Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure, following a prebriefing conference held on December 9, 1998. The plaintiff appeals from an order granting the defendant's motion to dismiss her complaint in this action involving the Uniform Child Custody Jurisdiction Act (hereinafter UC-CJA), codified in Chapter 14 of Title 15 of the General Laws. We conclude that the plaintiff's appeal should be denied and dismissed.

The parties were divorced in Florida on June 17, 1994. They have one minor child, Catherine Elizabeth Porter. The final judgment awarded joint custody with physical possession to the plaintiff; the defendant was awarded visitation and subsequent orders have modified visitation over the years.

In July of 1996, the plaintiff moved to Rhode Island with Catherine. The defendant filed contempt motions in Florida and the plaintiff was ordered by the Florida courts to comply with visitation requirements. In November of 1997, the plaintiff filed a complaint in the Rhode Island Family Court, seeking to have Rhode Island declared the home state.

A hearing was held in Rhode Island on December 22, 1997. During the brief hearing, the trial judge heard arguments from counsel and learned that the Florida courts have entertained a number of proceedings related to custody and visitation, and that presently a stay had been entered in Florida pending resolution of this jurisdictional issue. In the middle of the hearing, the trial judge took a recess and from his chambers, without the presence of counsel, telephoned the Florida trial judge. When he returned to the bench he explained that the defendant's motion to dismiss should be granted on the basis that Florida retains jurisdiction over this matter.

The plaintiff asserts on appeal that she has been deprived of due process because she was denied the opportunity to present evidence and address the Family Court. We disagree.

Section 15–14–4(a)(1) provides that the Rhode Island Family Court has jurisdiction to make a child custody determination if Rhode Island is the home state of the child at the time of commencement of the proceeding. "Home state" is defined in § 15–14–3(5) as the state in which the child lived with a parent for at least six consecutive months immediately prior to commencement of the proceeding. Certainly, Rhode Island could have properly claimed jurisdiction under the UCCJA since Catherine had lived here longer than six months prior to commencement of this action. However, pursuant to § 15–14–7, it was not necessary for the Rhode Island Family Court to exercise jurisdiction under the UCCJA. Section 15–14–7 states that the Family Court shall not exercise its jurisdiction if at the time of filing a petition, a proceeding concerning child custody was pending in a court of another state exercising jurisdiction substantially in conformity with the UCCJA. Indeed, both parties here agreed that proceedings have been taking place in Florida, and that the Florida court had stayed further hearings until the Rhode Island Family Court reviewed this jurisdictional issue.

Despite the plaintiff's assertion that she is entitled to an evidentiary hearing on this issue, we are of the opinion that she is not necessarily entitled to one. Section 15–14–5 provides that prior to making a custody determination, "reasonable notice and an opportunity to be heard shall be given to the parties...." Here, both sides were represented by counsel and present at the hearing. Furthermore, the trial judge was statutorily required to examine the pleadings and other information, including an inquiry to the "appropriate official" of the other state. § 15–14–7(b) and (c). We hold that the trial judge here acted in compliance with the UCCJA in reaching his decision.

For the reasons set forth herein, the plaintiff's appeal is denied and dismissed. The papers shall be remanded to the Family Court.